

**Service of Process Transmittal**
06/10/2016
CT Log Number 529313252

| | |
|---|---|
| **TO:** | Michael Cianfrani<br>UBER TECHNOLOGIES, INC.<br>1455 Market St Fl 4<br>San Francisco, CA 94103-1355 |
| **RE:** | **Process Served in Florida** |
| **FOR:** | UBER TECHNOLOGIES, INC. (Domestic State: DE) |

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | CHRISTINA PAPAYORGIS, And other similarly situated individuals, Pltf. vs. UBER TECHNOLOGIES, INC., etc., Dft. |
| **DOCUMENT(S) SERVED:** | Summons, COMPLAINT AND DEMAND |
| **COURT/AGENCY:** | Miami-Dade County Circuit Court, FL<br>Case # 2016013582CA01 |
| **NATURE OF ACTION:** | Employee Litigation - Wage & Hour Federal Statutory Violation reported |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Plantation, FL |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 06/10/2016 at 13:05 |
| **JURISDICTION SERVED :** | Florida |
| **APPEARANCE OR ANSWER DUE:** | Within 20 days after service, exclusive of the day of service |
| **ATTORNEY(S) / SENDER(S):** | ANTHONY M. GEORGES-PIERRE<br>REMER & GEORGES-PIERRE, PLLC<br>44 WEST FLAGLER STREET. Sm. 2200<br>Miami, FL 33130<br>305-416-5000 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 06/11/2016, Expected Purge Date: 06/16/2016<br><br>Image SOP<br><br>Email Notification, Michael Cianfrani cianfrani@uber.com<br><br>Email Notification, Karen Toro ktoro@uber.com<br><br>Email Notification, Tristram Evans tristram@uber.com<br><br>Email Notification, Tipper Llaguno tipper@uber.com |
| **SIGNED:** | C T Corporation System |
| **ADDRESS:** | 1200 South Pine Island Road<br>Plantation, FL 33324 |
| **TELEPHONE:** | 954-473-5503 |

Page 1 of  1 / DL

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

Filing # 42226607 E-Filed 06/02/2016 10:05:37 AM

IN THE CIRCUIT COURT OF THE
ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY,
FLORIDA

CASE NO. 2016-013582-CA-01

**CHRISTINA PAPAYORGIS,**
And other similarly situated individuals,

    Plaintiff,

vs.

**UBER TECHNOLOGIES, INC.,**
a Foreign Profit Corporation,

    Defendant.
_____/

6/10/16
10 5₹
AK260

## SUMMONS IN A CIVIL CASE

UBER TECHNOLOGIES, INC.

Registered Agent: **CT CORPORATION SYSTEM**
1200 South Pine Island Road
Plantation, FL 33324

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

ANTHONY M. GEORGES-PIERRE, ESQ.
REMER & GEORGES-PIERRE, PLLC.
44 WEST FLAGLER STREET. STE. 2200
MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

6/3/2016

_____    _____
CLERK                                          DATE

311108

(BY) DEPUTY CLERK

6

IN THE CIRCUIT COURT OF THE
ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY,
FLORIDA

CASE NO. 2016-013588-CA-01

**CHRISTINA PAPAYORGIS,**
And other similarly situated individuals,

    Plaintiff,

vs.

**UBER TECHNOLOGIES, INC.,**
a Foreign Profit Corporation,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, **CHRISTINA PAPAYORGIS**, and other similarly situated individuals, by and through the undersigned counsel, hereby sues Defendant, UBER TECHNOLOGIES, INC., a Foreign Profit Corporation; ("Defendant"), and in support avers as follows:

1. This is an action by the Plaintiff for damages exceeding $15,000 excluding attorneys' fees or costs for unpaid wages under the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 ("FLSA").

2. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to the 29 U.S.C. § 216.

3. Plaintiff was at all times relevant to this action, resident of Miami-Dade County Florida, within the jurisdiction of this Honorable Court. Plaintiff is covered employee for purposes of the FLSA.

4. Defendant, UBER TECHNOLOGIES, INC., a Foreign Profit Corporation, having one of its locations in Miami-Dade County, Florida where Plaintiff worked for Defendant, and at all times material hereto was and is engaged in interstate commerce.

5. Venue is proper in Miami-Dade County because all of the actions that form the basis of this Complaint occurred within Miami-Dade County and payment was due in Miami-Dade County.

6. Declaratory, injunctive, legal and equitable relief sought pursuant to the laws set forth above together with attorneys' fees, costs and damages.

7. All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## FACTUAL ALLEGATIONS

8. Plaintiff performed work for Defendant as a non-exempt employee from on or about seven days during the month of April, 2016.

9. Plaintiff did not receive payment for all hours worked.

10. At all times relevant herein, Defendant had or should have had full knowledge of all hours worked by Named Plaintiff and Collective Plaintiffs, including those hours worked in excess of forty (40) in a given work week.

11. Plaintiff alleges that she complained on multiple occasions to Defendant about hours worked and lack of proper payment.

## COUNT I
### *Wage & Hour Federal Statutory Violation against*
### *UBER TECHNOLOGIES, INC.*

12. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 11 of this complaint as if set out in full herein.

13. This action is brought by Plaintiff to recover from Defendant unpaid wages compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq.*

14. Jurisdiction is conferred on this Court by Title 29 U.S.C. § 216(b).

15. At all times pertinent to this Complaint, corporate Defendant operated as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and the corporate Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

16. Upon information and belief, at all times material hereto, corporate Defendant's annual gross revenue exceeded $500,000 per annum on its own, or as part of a joint enterprise with the other corporate Defendants named herein, or which are as of yet unknown but will be revealed through further discovery. To the extent that corporate Defendant operated as part of a joint enterprise, it did so with corporate entities that performed related activities, under the common control of the individual Defendants, and for common business purposes related to the work performed by Plaintiff for Defendant.

3

17. By reason of the foregoing, the Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s). Defendant's business activities involve those to which the Fair Labor Standards Act applies. The Plaintiff's work for the Defendant likewise affects interstate commerce.

18. Plaintiff seeks to recover for unpaid wages accumulated from the date of hire and/or from three (3) years from the date of the filing of this complaint.

19. Defendant knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff these unpaid wages since the commencement of Plaintiff's employment with Defendant as set forth above. As such, Plaintiff is entitled to recover double damages.

20. To the extent that Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments, the statute of limitations for Plaintiff's FLSA claims is equitably tolled. *See, e.g., Cruz v. Maypa*, 773 F.3d 138, 147 (4th Cir. 2014) (extending failure-to-post tolling in the ADEA context to the FLSA); *Yu G. Ke v. Saigon Grill, Inc.*, 595 F. Supp. 2d 240, 259 (S.D.N.Y. 2008) ("[F]ailure to provide required notice of the governing legal requirements may be a sufficient basis for tolling."); *Kamens v. Summit Stainless, Inc.*, 586 F. Supp. 324, 328 (E.D. Pa. 1984) ("An employer's failure to post a statutorily required notice of this type tolls the running of any period of limitations.").

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

    A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully,

intentionally and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid overtime wage compensation for hours worked in excess of forty (40) weekly, with interest;

C. Award Plaintiff an equal amount in double damages/liquidated damages;

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

### JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated: 5/27/16

Respectfully submitted,

Anthony M. Georges-Pierre, Esq.
Florida Bar No. 533637
**REMER & GEORGES-PIERRE, PLLC**
44 West Flagler St., Suite 2200
Miami, FL 33130
Telephone: 305-416-5000
Facsimile: 305-416-5005
agp@rgpattorneys.com
apetisco@rgpattorneys.com
rregueiro@rgpattorneys.com
pn@rgpattorneys.com